UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT W. HALL, an individual, and<br>NEVADA ENVIRONMENTAL COALITION,<br>INC.,<br><br>     Plaintiffs,<br><br>  vs.<br><br>REGIONAL TRANSPORTATION<br>COMMISSION OF SOUTHERN NEVADA<br>and BRUCE L. WOODBURY, it's Chairperson;<br>CLARK COUNTY, NEVADA; NEVADA<br>DEPARTMENT OF TRANSPORTATION and<br>SUSAN MARTINOVICH, P.E., Director;<br>UNITED STATES DEPARTMENT OF<br>TRANSPORTATION and Secretary of<br>Transportation MARY E. PETERS; FEDERAL<br>HIGHWAY ADMINISTRATION and J.<br>RICHARD CAPKA, Administrator of FHWA,<br>and SUSAN KLEKAR, Division Administrator<br>of FHWA Nevada Division,<br><br>     Defendants. | Case No.: 2:08-cv-237-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion for Preliminary Injunction–#4;<br>Motion to Dismiss–#34;<br>Motion to Strike–#42) |

   Before the Court is Plaintiffs Robert W. Hall and Nevada Environmental Coalition,

Inc.'s **Motion for Preliminary Injunction** (#4), filed February 28, 2008. The Court has also

considered Defendants Clark County Department of Public Works, Dennis Cederburg, Regional

1

1   Transportation Commission of Southern Nevada and Bruce Woodbury's Opposition (#34), filed

2   April 21, 2008, and Plaintiffs' Reply (##35, 36), filed May 5, 2008.

3          Also before the Court is Defendants' **Motion to Dismiss** (#34), filed April 21,

4   2008. The Court has also considered Plaintiffs' Opposition (##35, 36), filed May 5, 2008, and

5   Defendants' Reply (#41), filed May 16, 2008.

6          Also before the Court is Plaintiffs' **Motion to Strike or Dismiss** (#42), filed May

7   16, 2008. The Court has also considered Defendants' Opposition (#43), filed June 3, 2008.

## BACKGROUND

9          Plaintiff Robert Hall is a homeowner and resident of Sun City Summerlin and the

10  President of Plaintiff Nevada Environmental Coalition, Inc. Plaintiffs bring this action seeking

11  declaratory and injunctive relief to halt the construction of a traffic intersection between the 215

12  Beltway and Lake Mead Boulevard. Plaintiffs' claims are brought under the National

13  Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq., and the Federal-Aid Highway Act

14  ("FAHA") as amended by the Transportation Equity Act of the 21st Century, 23 U.S.C. § 128. In

15  short, Plaintiffs' claims relate to the Defendants' decision to forgo federal funding and its

16  concomitant requirements to prepare environmental impact studies and conduct public hearings.

17  Because the Court finds that Plaintiffs brought their claims after the expiration of the statute of

18  limitations, the Court dismisses this action in its entirety.

## DISCUSSION

20  **I.    Motion to Dismiss, Amended Complaint, and Motion to Strike**

21         After the filing of Defendants' Motion to Dismiss, Plaintiffs filed an Amended

22  Complaint; consequently, Defendants' Motion to Dismiss is moot. Defendants' then filed their

23  Motion to Strike or to Dismiss seeking to strike the Amended Complaint because Plaintiffs filed it

24  without leave of the Court. Fed. R. Civ. P. 15(a)(1)(A), however, permits a party to amend its

25  pleading once as a matter of course before being served with a responsive pleading. A motion to

26  dismiss is not a responsive pleading, *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir. 1995),

AO 72
(Rev. 8/82)

1  and thus Plaintiffs properly filed their Amended Complaint.  In the alternative, Defendants'
2  Motion to Strike incorporates the arguments of its original Motion to Dismiss, and as such, the
3  Court examines Defendants' arguments in connection with the Amended Complaint.

4  **II.     Statute of Limitations**

5        Plaintiffs assert their claims under the NEPA and the FAHA pursuant to the
6  Administrative Procedures Act ("APA"), 5 U.S.C. § 500, et seq.  The APA permits "[a] person
7  suffering legal wrong because of agency action . . . [to seek] judicial review."  5 U.S.C. § 702.
8  The statute of limitations for actions brought pursuant to the NEPA, FAHA, and APA is the six-
9  year general statute of limitations for civil actions against the United States.  *Sierra Club v.*
10  *Penfold*, 857 F.2d 1307, 1315 (9th Cir. 1988) (applying six-year statute of limitations to NEPA
11  action brought under the APA); *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180,
12  186 (4th Cir. 1999) (applying six-year limitation period to FAHA).  Agency action is reviewable
13  when it "has completed its decisionmaking process" and "the result of that process is one that will
14  directly affect the parties."  *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992).

15        Here, all six of Plaintiffs' claim in the Amended Complaint must be dismissed
16  because they were brought after the statute of limitations period ended.  Claims one through four
17  relate to the Defendants' failure to complete and hold hearings on an adequate environmental
18  impact study as required by the NEPA.  Claim five alleges that the Defendants' failure to hold
19  adequate public hearings violates the FAHA.  Claim six accuses Defendants of violating the
20  NEPA and APA by attempting to "de-federalize" the project.  The statute of limitations on all of
21  Plaintiffs' claims, however, began to run at least by September 3, 1997, when the United States
22  Department of Transportation published notice in the Federal Register that it was terminating the
23  environmental process for the Northern and Western Las Vegas Beltway.  FHWA and DOT
24  Revised Notice of Intent, 62 Fed. Reg. 46,546–47 (Sept. 3, 1997).  Accordingly, the statute of
25  limitations ran on Plaintiffs' claims on September 3, 2003.  Plaintiffs did not file this action until
26

February 2008. Consequently, the Court dismisses Plaintiffs' claims with prejudice because they were filed over four years after the expiration of the limitations period.

### III. Motion for Preliminary Injunction

Because the Court dismisses Plaintiffs' claims with prejudice, it also denies Plaintiffs' Motion for Preliminary Injunction.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Preliminary Injunction (#4) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (#34) is DENIED as moot.

IT IS FURTHER ORDERED that Defendants' Motion to Strike (#42) is GRANTED. Plaintiffs' claims are dismissed with prejudice.

The Clerk of the Court is directed to close this case.

Dated: June 12, 2008.

_____
ROGER L. HUNT
Chief United States District Judge